```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Breaking Glass Pictures,         :

      Plaintiff,           :

  v.                              :         Case No. 2:13-cv-395

                                      :         JUDGE GREGORY L. FROST
Does 1-36,                                 Magistrate Judge Kemp

      Defendants.          :

## ORDER

    This matter is before the Court on the motion for leave to take discovery prior to the Rule 26(f) conference filed by plaintiff Breaking Glass Pictures.  For the following reasons, the motion for leave (#3) will be granted.

### I.

    This is a copyright infringement and contributory copyright infringement case involving the file transfer technology known as BitTorrent.  The use of this technology, which allows peer-to-peer file sharing, has resulted in much litigation as of late.  See, e.g., Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18, 2013)(provides detailed explanation of BitTorrent file-sharing protocol).  The focus of the litigation has been the alleged use of this technology to unlawfully reproduce and distribute via the internet copyrighted motion pictures.  The particular motion picture at issue in this case is "6 Degrees of Hell."

    In this case, Breaking Glass has identified thirty-six Doe defendants by the internet protocol (IP) address assigned to them by their internet service providers (ISPs).  Breaking Glass has attached to its complaint the ISP for each defendant, the torrent file copied and distributed by them, and their location at the

time of the allegedly infringing download. Through its current motion, Breaking Glass seeks to serve a Rule 45 subpoena on the ISPs that issued the IP addresses to uncover the identity of the account holders of these IP addresses, including their names, current and permanent addresses, telephone numbers and email addresses. The identified ISPs include AT&T U-verse, EarthLink, Embarq Corporation, Frontier Communications, Fuse Internet Access, Road Runner, WideOpenWest, and Windstream Communications. Breaking Glass states that any information disclosed in response to the subpoena will be used only for the purpose of protecting its rights under the Copyright Act.

## II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order. Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference. See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. Tesuco Holdings Ltd. v. Does 1-12, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." Best v. Mobile Streams, Inc., 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012), citing Arista Records, LLC v. Does 1-9, 2008 WL 2982265 (S.D. Ohio July 29, 2008). Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored. Id.; see

-2-

also <u>Arista Records, LLC v. Does 1-15</u>, 2007 WL 5254326 (S.D. Ohio May 17, 2007).

Breaking Glass contends that it has demonstrated good cause under the standards described above. On this issue, Breaking Glass asserts that it can show irreparable harm from the infringement of the copyrighted motion picture. According to Breaking Glass, it has a valid copyright in the motion picture, defendants had access to the film, and substantial similarity exists between its copyrighted work and the alleged infringing work. Further, Breaking Glass argues that defendants will not be prejudiced by the proposed expedited discovery because it is narrowly tailored and sought for a very limited purpose. Finally, it contends that it has no other means for obtaining the identities of the Doe defendants.

Breaking Glass also argues that "courts throughout the country" have "consistently" granted motions for expedited discovery in actions against BitTorrent defendants. The Court's review of the authority cited by Breaking Glass indicates that this is generally true. Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well. <u>See</u>, e.g., <u>Vision Films, Inc. v. Does 1-16</u>, 2013 WL 1385206 (E.D. Tenn. April 3, 2013); <u>Malibu Media, LLC v. John Does 1-9</u>, 2013 WL 142083 (E.D. Mich. January 11, 2013)(granting motion in part).

In granting expedited discovery in BitTorrent cases, courts have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to

whether the elements of a copyright infringement claim have been pled.  Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants.  Finally, courts have considered the likelihood of prejudice to any alleged infringers.  See, e.g., Vision Films, 2013 WL 1385203, at *2.

As noted above, in Exhibit 2 to its complaint, Breaking Glass provides the IP address assigned to each Doe defendant, the date and time of the download at issue, the hash identifier, the ISP, and the location of the IP address.  The Court concludes that, based on this information, Breaking Glass has identified the Doe defendants with sufficient specificity.  Further, based on the declaration of Darren M. Griffin, a software consultant, Breaking Glass has described in detail its efforts to identify the Doe defendants.  Additionally, Breaking Glass has pled a copyright infringement claim.  Finally, Breaking Glass has demonstrated that the information it seeks is likely to lead to information which will allow it to identify and perfect service on the Doe defendants.

Given Breaking Glass's stated purpose in seeking this information, there is no suggestion that the Doe defendants would be prejudiced by allowing such limited expedited discovery. Rather, as the Court explained in Malibu Media, LLC v. John Does 1-23, 2012 WL 1144822, *2 (D. Colo. April 4, 2012),

> Much like the Arista Records defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities.  Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery.  Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed.R.Civ.P. 45, for the limited

purpose of discovery the identities of Defendants.

Taking all of the above into account, the Court concludes that Breaking Glass has demonstrated good cause for the expedited discovery.  Consequently, the motion for leave to take discovery will be granted.  In reaching this conclusion, the Court notes that Breaking Glass also has raised the issue of joinder in its motion.  The Court, however, finds any discussion of that issue at this stage of the case to be premature.

### III.

For the reasons stated above, the motion for leave to take discovery (#3) is granted.  The plaintiff may serve immediate discovery on AT&T U-verse, EarthLink, Embarq Corporation, Frontier Communications, Fuse Internet Access, Road Runner, WideOpenWest, and Windstream Communications to obtain the identity of each Doe defendant by serving a Rule 45 subpoena seeking documents including the name, current (and permanent) addresses and telephone numbers, and e-mail addresses for each defendant.  The disclosure of this information is ordered pursuant to 47 U.S.C. §551(c)(2)(B).  Any such information disclosed may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

/s/ Terence P. Kemp
United States Magistrate Judge